# BALTIMORE CITY COURT.

Filed July 18, 1928.

### THE AEJIS COMPANY
### VS.

### J. ENOS RAY, JESSE D. PRICE AND OSCAR LESER, CONSTITUTING THE STATE TAX COMMISSION.

*Charles C. Wallace* for appellant.

*Simon E. Sobeloff, Deputy City Solicitor of Baltimore City,* and *Herbert Levy, Assistant Attorney-General of Maryland,* for appellees.

STANTON, J.—

This is an appeal by the Aejis Company from the State Tax Commission submitting for decision the question of law as to whether the Aejis Company was obliged to apply to the Appeal Tax Court of Baltimore City before September 1st, 1927, for a reduction of an assessment on its property.

Section 167 of the City Charter provides that any taxpayer in Baltimore City whose property has decreased in value, and who desires a revaluation of the same on the tax roll of Baltimore City, for the next succeeding tax year, must make application to the Appeal Tax Court of Baltimore City before the first day of September, in any year, in order to be acted on, so as to take effect for the ensuing year.

In this case there never was any application made by the Aejis Company before the Appeal Tax Court. But on the theory that under Section 162 of Art. 81 of the Code of Public General Laws the Appeal Tax Court is directed to annually correct assessments on property in Baltimore City and that under Sections 170 and 171 of the Baltimore City Charter there is a new assessment with the closing of the tax roll on October 1st, of each year, it is claimed that the right of appeal exists independently of the necessity for action under Section 167 of the Baltimore City Charter.

This cannot be true if the purpose of the proviso added to Section 167 of the Charter is to have any force.

In a large municipality like Baltimore City, the basis of assessment must be definitely known as a time beyond which the municipal authorities can be assured no change can occur without notice to those charged with the supervision and establishment of the tax rate, and an opportunity be afforded the city authorities to consider and determine the matter. It is to make this period certain that the proviso naming September 1st was added to Section 167, in the year 1914.

It is clear that the closing of the tax roll on October 1st is not such a revaluation as is provided for under Section 167, in dealing with a reduction of the "last assessment"; nor is it a new assessment which would require notice from, and opportunity for a hearing before the Appeal Tax Court. After an assessment is made, and enters into the tax basis, it is a fixed and existing assessment for a period of five years, under Section 164-A of the Baltimore City Charter, without any specific requirement on the part of the city authorities to review the same, unless application is made by the taxpayer, or some one on his or her behalf under Section 167 of the Charter. Section 164-A is a local law passed in 1914, and shows clearly that Section 162 of Article 81 has been modified, so far as it applied to Baltimore City.

If one taxpayer has the right of appeal within thirty days after October 1st in each year when the tax roll is closed, as was done in this case, then all of the taxpayers would have such a right, and it would bring about a situation where there could be no definite and known condition as to the taxable basis, until all such appeals were heard and decided.

Section 170 does not carry the alternative right to appeal to the State Tax Commission without first applying to the Appeal Tax Court. The intendment is plain that Section 170 refers to any grievance resulting from the action of the Appeal Tax Court after application for a reduction has been filed and acted upon by it.

The reasons given in the opinion of the State Tax Commission are adopted in addition to the foregoing, and it follows that the motion to dismiss the appeal must be granted, with costs on the Aejis Company.